## GOPETS LTD., a limited liability Korean, corporation, Plaintiff– Appellee,

v.

## Edward HISE, an individual, et al., Defendants,

and

## Joseph Hise, an individual, Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gopets Ltd., a limited liability Korean corporation, Plaintiff–Appellee,

v.

Edward Hise, an individual, Defendant–Appellant,

and

Joseph Hise, an individual and Digital Overture, Inc., a California corporation, Defendants.

Nos. 12–56863, 12–56864.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2014.*

Filed March 4, 2015.

Michael Allen Firestein, Esquire, Sally Handmaker, Proskauer Rose LLP, Los Angeles, CA, for Plaintiff–Appellee.

Joseph Hise, Simi Valley, CA, pro se.

Before: THOMAS, Chief Judge and D.W. NELSON and LEAVY, Circuit Judges.

## MEMORANDUM **

Joseph Hise ("Hise") appeals the district court's award of attorney's fees to GoPets LTD. ("GoPets"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We decline to revisit the merits of the underlying claims we already have decided, *GoPets Ltd. v. Hise*, 657 F.3d 1024 (9th Cir.2011), as that decision is law of the case, *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir.2012).

The district court did not err in deeming this case exceptional. 15 U.S.C. § 1117(a). The record supports the district court's finding that Hise acted willfully and in bad faith. *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir.2000); *see also* *Traffic-School.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir.2011) ("[T]he district court's willfulness finding is supported by evidence that defendants planned to mislead site visitors and knew that their conduct confused consumers.").

The district court awarded reasonable attorney's fees. 15 U.S.C. § 1117(a). Hise did not challenge the original $76,260 in fees awarded while his first appeal was pending. On remand, the district court determined that half of the original fee award was reasonably attributable to the-gopets.com claim, and thus reduced the original award by half. The district court also reasonably reduced excessive hours claims for the preparation of a straightforward fee application. The district court properly explained its reasoning and did not abuse its discretion.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).